UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GREEN,
a/k/a KEVIN BREWER,

Petitioner,

v.

ALTA BATES SUMMIT
MEDICAL CENTER,

Respondent.

No. C 11-685 SI (pr)

**ORDER OF DISMISSAL**

Michael Green a/k/a Kevin Brewer filed a petition for writ of habeas corpus, naming Alta Bates Summit Medical Center as the respondent. He does not seek traditional habeas relief and instead wants to overturn state court decisions in a civil action. His petition and attachments thereto disclose that he had sued respondent in Alameda County Superior Court and that action was dismissed on June 17, 2010. The Alameda County Superior Court then denied his request for a fee waiver because it lacked jurisdiction to grant the requested fee waiver in the already-dismissed case. His appeal was dismissed by the California Court of Appeal, and his petition for review was denied by the California Supreme Court. In his habeas petition, petitioner asks this court to overturn the decisions of the California state courts.

Federal district courts may not review the final determinations of state courts because federal district courts are courts of original jurisdiction. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). The

1  *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter
2  jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v.*
3  *TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Petitioner clearly is trying to appeal the state
4  court decision, so this action must be dismissed for lack of subject matter jurisdiction. A federal
5  district court *does* have jurisdiction to entertain a petition for writ of habeas corpus from a
6  prisoner after he has failed to obtain relief from a state court, but only as to a claim that the
7  petitioner is "in custody in violation of the Constitution or laws or treaties of the United States,"
8  28 U.S.C. § 2254(a), which is not what petitioner is asserting in this action.

9      This action is dismissed for lack of jurisdiction. In light of the dismissal, petitioner's
10 motion for appointment of counsel is DENIED. (Docket # 9, # 12.) The *in forma pauperis*
11 application is GRANTED. (Docket # 2, # 8.)

12     The clerk shall close the file.

13     IT IS SO ORDERED.

14 Dated: July 15, 2011                                              _____
15                                                                    SUSAN ILLSTON
                                                                 United States District Judge

United States District Court
For the Northern District of California